UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| IAN D. FULTZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION H-06-1120 |
| versus | § | |
| | § | |
| JO ANNE BARNHART, | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1.      *Introduction.*

        The issue in this case is whether substantial evidence supports the commissioner's decision that Ian D. Fultz is not disabled under the Social Security Act.  It does.

        Fultz brought this action for judicial review of the commissioner's decision denying his claim for disability insurance benefits.  42 U.S.C. § 405(g) (2006).  Both sides have moved for summary judgment.

2.      *Standard of Review.*

        Judicial review is limited to determining whether the decision is supported by substantial evidence and whether the proper legal standard was applied to the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  The secretary must have employed a fair process. This court's duty is not to change decisions with which it might disagree but to reverse those where governmental regularity has lapsed into an exercise of mere will.  Reasonable conflicts in the evidence are for the Secretary – not the courts – to resolve. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

-1-

A decision unsupported by substantial evidence must fail.  Substantial evidence is the level of proof that a reasonable mind is likely to accept as adequate to support a conclusion.  Substantial evidence exists when the decision is supported by objective medical findings.

3.    *Statutory Criteria.*

Determining disability is a two-part test.  First, the claimant must suffer from a medical impairment that will likely last for at least one year.  Second, the impairment must prevent the claimant from engaging in gainful activity.  42 U.S.C. § 423(d)(1)(A) (2004).

4.    *Background.*

Fultz applied for disability benefits under Title II of the Social Security Act in August 2000.  Fultz's upper and lower leg are rigidly fixed through his knee.  He claimed that complications with his fused leg left him unable to work since December 1993.

At the administrative hearing Fultz claimed, for the first time, that his partially-amputated hand prevented him from working.  Fultz's little finger, ring finger, and adjacent area of his non-dominant hand were traumatically amputated when he was a child.

The hearing officer found that Fultz's fused leg was severe but his amputation was not.  Fultz's leg prevents him from doing his earlier work; however, Fultz can do sedentary work with an accommodation and is, therefore, not entitled to disability benefits.

5.    *Application.*

The commissioner applies a five-step process to decide disability:

(a)    If the claimant is presently working then he is not disabled;

(b)    If the claimant does not have a "severe impairment" then he is not disabled;

(c)    If the claimant has an impairment that meets the requirements of Appendix 1 of the Regulations, disability is presumed;

(d)    If the claimant is capable of performing his past work he is not disabled; and

(e)     If the claimant's impairments prevent him from doing any other gainful activity, taking into account his age, education, work experience and capabilities, he is disabled.

20 C.F.R. § 404.1520 (a)(4)(i)-(v) (2006).   Under this practice, the claimant must prove the first four steps to establish that he has a disability.    Then, the commissioner is obliged to show that the claimant can perform other work.   *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).  If the commissioner shows that other jobs are available, the claimant may show he is unable to do those jobs.   *Selders*, 914 F.2d at 618.

A.     *Amputation*.

Fultz argues the hearing officer erred by finding that his amputation was not severely limiting.  An impairment is severe if it significantly limits the claimant's ability to do basic work.  *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).  Though Fultz's amputation is noted in the medical records, he did not say it impaired his work in earlier documents – including his application for benefits.  The only evidence Fultz offered were photographs of his hand and a statement by a doctor that the condition would affect his bimanual dexterity.  On the other hand, earning records demonstrated that Fultz was employed for decades after his hand was partially amputated.  He was able to write reports and carry objects.  His hand limits his ability to do some things; it does not significantly limit his ability to work.  People obviously work with only one hand.  The decision that Fultz's amputation was not severely limiting is supported by substantial evidence.

Fultz claims the hearing officer did not conduct a fair hearing because he did not order a medical examination.  A hearing officer must order an examination only when he thinks it is necessary to make his decision.  *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).   Fultz presented the medial opinions and clinical findings from other examinations.  It was, therefore, within the hearing officer's discretion not to order an additional examination.

B.    *Alternative Work.*

Fultz argues that he cannot do sedentary work because a doctor said he cannot sit at a normal desk.  This isolated statement does not show that the hearing officer's decision was wrong.  When read in context, the doctor said that Fultz cannot sit at a normal desk unless he was allowed to elevate his leg.  Other evidence also shows that Fultz can do sedentary work.  For example, medical records show Fultz's improvement after his surgery and, Carolyn Hyde, Fultz's treating physician, said that he may return to sedentary work.

Fultz contends that Hyde's earlier recommendations are to be ignored because she now says that he cannot work and must elevate his leg to heart level.  Fultz argues that Hyde's recent opinion is new evidence supporting a remand.  A case may be remanded to consider material evidence, not presented in a earlier proceeding, if the claimant shows good cause.  *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).  Hyde's opinion is not new evidence.  The appeals council considered the opinion in an earlier proceeding when it denied review.  The opinion also comes several years after Fultz's insurance expired in 1993 and makes recommendations beyond the doctor's expertise. Hyde's statement that Fultz cannot work is merely an attempt by a doctor to help her patient get disability benefits and is not a scientific opinion.   The opinion is not material because it is late and gratuitous.

C.    *Cross-Examination.*

Finally, Fultz complains that he did not have the opportunity to cross-examine the vocational witness on the meaning of fine and gross movements.  Parties and their attorneys are allowed to ask witnesses questions that are material to the issues.  20 C.F.R. § 404.950(e).  The hearing officer asked Fultz's attorney to clarify his question to the witness by explaining what the attorney meant by fine and gross movement.  The hearing officer did not allow the attorney then to ask the witness what he thought the phrase meant.   The witness's definition of the term was not determinative of a disability finding.  Every limit, restriction, or delay is not a denial of the right.  Because the question was not material, Fultz was not denied a right to cross-examination.  The opportunity to elicit testimony favorable to the claimant is not a license for his lawyer to do whatever he wants, however he wants, for as long as he wants.

6.      *Conclusion*.

The commissioner's decision denying Ian D. Fultz's claim for disability insurance benefits is supported by substantial evidence.   The decision will be, therefore, affirmed.

Signed on June 30, 2007, at Houston, Texas.


_____
Lynn N. Hughes
United States District Judge